(Pleito No. 66.—Fallado el 24 de Julio de 1900.)

## SÁNCHEZ contra ARÁN.

RECURSO contra sentencia dictada por el Tribunal de Distrito de Ponce.

SUSPENSIÓN DE PAGOS. Un auto que declara á un deudor en estado de suspensión de pagos no impide que un acreedor inste los juicios ejecutivos correspondientes. Tal estado impide solamente el que puedan prosperar las ejecuciones.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y cuatro de Julio de mil novecientos, en el recurso de casación por infracción de ley que ante este Tribunal Supremo pende, interpuesto por el Letrado Don Herminio Díaz Navarro, como representante de los Sres. Sánchez, Echalecu y Cª del comercio y vecinos de Añasco, en autos ejecutivos contra los mismos, seguidos por Don Luis Arán, mayor de edad, agricultor y vecino de Añasco, representado por el Letrado Don Hilario Cuevillas y Hernández.—Resultando: Que ante el Juzgado de 1ª Instancia de Mayagüez compareció en veinte de Febrero de mil ochocientos noventa y ocho el Procurador Don Eugenio Géigel dirigido por el Letrado Don Juan J. Perea y con poder bastante de Don Luis Arán Lancis, demandando en juicio ejecutivo á los Sres. Sánchez, Echalecu y Cª por la suma de mil doscientos cuarenta y seis pesos cincuenta y cinco centavos moneda corriente, procedentes de un pagaré vencido el treinta y uno de Octubre anterior, cuya firma había sido reconocida ante el Juez competente, estableciendo como fundamentos de hecho que Sánchez, Echalecu y Cª eran en deberle dicha suma según el pagaré que presentaron, con más los intereses legales; que á la tercera citación fué reconocida la firma de dicho documento, y que habían sido infructuosas las gestiones que había practicado para realizar el cobro sin obtenerlo, y como fundamentos de derecho los artículo 1,431 y 1,433 de la Ley de Enjuiciamiento Civil y el 1,108 del Código Civil; y librado mandamiento de ejecu-

ción se opusieron á ella los ejecutados, representados por el Procurador Don Rogelio Martínez, bajo la dirección del Letrado Don Pascasio Fajardo, estableciendo como fundamentos de derecho que el actor había concedido prórroga para el pago de la obligación y que la mercantil ejecutada se había presentado en estado de suspensión de pagos, la que había sido decretada por auto de veinte y seis de Noviembre de mil ochocientos noventa y ocho y como fundamento de derecho y las excepciones de espera y transacción que admite el artículo 1,462 de la Ley de Enjuiciamiento Civil, y el de que, declarado en estado de suspensión de pagos un comerciante, no puede ningún acreedor obtener mandamiento de ejecución mientras no se ultime el expediente, y citando la sentencia del Tribunal Supremo de España de cuatro de Octubre de mil ochocientos ochenta y nueve. Resultando Que abierto el juicio á prueba se promovió por los ejecutados la de testigos para justificar la transacción alegada, y practicada, fueron los testigos tachados por la parte contraria por ser uno de ellos dependiente de la sociedad demandada, el otro padre del anterior y el tercero y último amigo íntimo de dicha sociedad; practicándose prueba para probar las tachas, declarando dos testigos al efecto presentados por el ejecutante, y citadas las partes para sentencia, el Juez de Mayagüez la dictó en veinte de Junio de mil ochocientos noventa y nueve declarando sin lugar la oposición formulada por los ejecutados, mandando seguir la ejecución adelante é imponiéndoles las costas á los ejecutados; cuya sentencia fué confirmada por el Tribunal de Distrito de San Juan en grado de apelación, en catorce de Mayo del año actual, disponiendo siga la ejecución adelante, "suspendiéndose sus efectos al llegar al procedimiento de apremio antes de proceder á la venta de los bienes embargados, con las costas de ambas instancias á los ejecutados."—Resultando: Que contra dicha sentencia interpuso recurso de casación en tiempo, por infracción de ley, la representación de Sánchez, Echalecu y Cª, autorizado por los números 1º y 7º del

artículo 1,690 de la Ley de Enjuiciamiento Civil y fundándolo en los motivos siguientes: · 1? En que se ha infringido el artículo 1,248 en relación con el 1,280, 1,278 y 1,279 del Código Civil por no haberse estimado como hecha una transacción que aparece comprobada con las declaraciones contestes de tres testigos cuya veracidad es notoria porque no incurren en una sola contradicción y porque para ello no obstaba lo prescrito por los referidos artículos del Código Civil, ya que es terminante el 1,278 y el contexto del 1,279 patentiza que es potestativo entre las partes el exigir lo que estatuye el 1,280, no dejando de existir y de ser obligatorio el contrato cuando aquello no se exige. 2? En que se han infringido los artículos 870 al 873 del Código de Comercio, en relación con la doctrina sentada en sentencias del Tribunal Supremo de España de catorce de Marzo de mil ochocientos noventa y seis, cuatro de Octubre de mil ochocientos ochenta y nueve y cuatro de Enero de mil ochocientos noventa y uno; según las que, declarada en suspensión de pagos un comerciante, no puede despacharse contra el mismo mandamiento de ejecución. 3? En que se ha infringido por inaplicación indebida el artículo 1,133 de la Ley de Enjuiciamiento Civil, ya que dicho artículo no reza con el caso de autos. 4? En la infracción de los incisos 5? y 9? del artículo 1,462 de la Ley de Enjuiciamiento Civil, por no haberse declarado con lugar las excepciones en ellos contenidas y alegadas por el recurrente; cuyo recurso fué impugnado en el acto de la vista por la representación de la parte recurrida.—Vistos: Siendo Ponente el Sr. Juez Asociado Don Rafael Nieto y Abeillé.—Considerando: Que disponiendo el artículo 1,248 del Código Civil, que la fuerza probatoria de las declaraciones de los testigos sea apreciada por los Tribunales conforme á lo establecido en la Ley de Enjuiciamiento Civil, cuidando de evitar que por la simple coincidencia de algunos testimonios, á menos que su veracidad sea evidente, queden definitivamente resueltos los negocios en que de ordinario suelen intervenir escrituras, docu-

mentos privados ó algún principio de prueba por escrito, y siendo precepto del artículo 658 de la Ley de Enjuiciamiento Civil, que los Tribunales y Jueces aprecien la fuerza probatoria de las declaraciones de los testigos según la regla de la sana crítica, teniendo en consideración la razón de ciencia que hubieren dado y las circunstancias que en ellos concurran; no resulta infringido por el tribunal sentenciador el artículo 1,248 citado en el primer motivo del recurso, ya que según ese mismo artículo es de su exclusiva competencia el apreciar con arreglo á la sana crítica la fuerza de las declaraciones de los testigos, ni tampoco resultan infringidos los demás artículos del Código, citados en dicho motivo, porque precisamente la prueba del contrato que se discute descansa en las declaraciones de los testigos de cuya apreciación se trata y al rechazar la sentencia del Juez de Mayagüez, confirmada por el Tribunal de San Juan, el contrato referido, no se basa solamente en que deba constar por escrito, como dispone el artículo 1,280 del Código Civil, sino en que de la apreciación que hizo de las pruebas practicadas estimó que no estaba justificada su existencia.—Considerando: Que tampoco se han infringido los artículos del Código de Comercio y doctrina legal que se citan en el 2° motivo del recurso, porque el estado de derecho que se crea en favor del comerciante en suspensión de pagos por el hecho de declarársele en tal situación, es solamente para que no puedan prosperar las ejecuciones que se intenten contra él para llevarle al de quiebra, según tiene declarada ya la Jurisprudencia de los Tribunales de esta Isla y la del Tribunal Supremo de España de fecha posterior á la que cita el recurrente, especialmente la sentencia de aquel Tribunal de cuatro de Diciembre de mil ochocientos noventa y siete. —Considerando: Que siendo el procedimiento de la quita y espera el único aplicable á las suspensiones de pagos, es evidente que ordenándose por el artículo 1,133 de la Ley de Enjuiciamiento Civil que los acreedores puedan instar los juicios ejecutivos correspondientes, no se ha infringido dicho

artículo "por no rezar con el caso de autos," como sostiene el recurrente en el tercer motivo del recurso.—Considerando : Que tampoco se han infringido los incisos que se citan en el cuarto motivo del recurso, por que ni la suspensión de pagos constituye en este caso espera, ni está probada la transacción, según queda ya declarado en los considerandos anteriores.— Fallamos :   Que debemos declarar y declaramos sin lugar el recurso de casación interpuesto por los Señores Sánchez, Echalecu y C.ª, á los que condenamos en las costas, con certificación de esta sentencia que se publicará en la *Gaceta*, devuélvanse los autos al Tribunal sentenciador para su cumplimiento.—Así por esta nuestra sentencia definitivamente juzgando, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José M.ª Figueras.—Rafael Nieto Abeillé.—Juan Morera Martínez.

Publicación.—Leída y publicada fué la anterior sentencia por el Señor Juez Asociado del Tribunal Suprémo Don Rafael Nieto Abeillé, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á veinte y cuatro de Julio de mil novecientos.—E. de J. López Gaztambide.